UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| JUAN CARLOS BADILLO-IZAGUIRRE, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 3:14-CR-47-PLR-CCS-1 |
| | ) | | 3:16-CV-406-PLR |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255 [Doc. 32]. He bases the request for relief on *Johnson v. United*

*States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the

Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*].

The United States filed a response in opposition on August 24, 2016 [Doc. 35]. For the reasons

that follow, the petition [Doc. 32] will be **DENIED** and **DISMISSED WITH PREJUDICE.**

I.      **BACKGROUND**

In 2014, Petitioner pled guilty to unlawfully reentering the United States after having

been deported following a conviction for an aggravated felony, in violation of 18 U.S.C. §

1326(a)(1), (b)(2) [Presentence Investigation Report ("PSR") ¶ 1–3]. The United States assigned

Petitioner a base offense level of eight under Section 2L1.2(a) of the United States Sentencing

Guidelines [*Id.* ¶ 13]. Because Petitioner had a prior Tennessee conviction for possessing

marijuana with intent to distribute [*Id.* ¶ 32], his offense level was increased by 12 under Section

2L1.2(b)(1)(B) [*Id.* ¶ 16]. A three-level reduction for acceptance of responsibility resulted in a

total offense level of seventeen [*Id.* ¶¶ 20–21], which combined with Petitioner's criminal history category of V to yield an advisory Guideline range of 46 to 57 months' imprisonment [*Id.* ¶ 60].

On December 15, 2014, this Court sentenced Petitioner to 57 months' imprisonment [Doc. 31]. Petitioner did not appeal his conviction or sentence, and the judgment became final on December 29, 2014. *See Sanchez Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (an unappealed judgment of conviction becomes final when the time for filing a direct appeal has elapsed); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14-days after . . . the entry of . . . judgment.").

On June 27, 2016, Petitioner submitted the instant motion challenging his sentence in light of *Johnson* [Doc. 32].[1]

## II.    ANALYSIS

Petitioner's argument that he no longer possesses predicate offenses sufficient to support categorization as an armed career criminal under the ACCA, career-offender under Section 4B1.1 of the United States Sentencing Guidelines, or an enhanced base offense level under Section 2K2.1(a) of the same fails because his PSR conclusively demonstrates that he was never subjected to any of these provisions [PSR ¶¶ 1–3, 16, 20–21, 32, 60; Doc. 31].[2]

---

[1]    This Court finds that it need not determine the timeliness of the instant petition because, even if the action was submitted within the window allowed by § 2255(f), the sole ground for relief set forth therein fails as a matter of law.

[2]    The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to

2

To the extent Petitioner challenges the propriety of his enhanced base offense level under Section 2L1.2, the argument fails as a matter of law. Unlike the ACCA, Section 4B1.2, and Section 2K2.1(a), Section 2L1.2(b)(1)(B) does not contain a residual provision.[3] Because the residual clause deemed unconstitutionally vague in *Johnson* bears no relation to the provisions under which Petitioner's range was calculated, that decision cannot operate as a basis for relief.

## IV. CONCLUSION

For the reasons discussed, Petitioner's § 2255 motion [Doc. 32] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**UNITED STATES DISTRICT JUDGE**

---

another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

[3] For purposes of Section 2L1.2: a twelve-level enhancement is applied for defendants who have been deported after "a conviction for a felony drug trafficking offense for which the sentence imposed was [thirteen] months or less." U.S. Sentencing Manual § 2L1.2(b)(1)(B).

3